Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH LLP
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID WELLS,<br><br>      *Plaintiff*,<br><br>           v.<br><br>JOHN WILEY & SONS, INC.;<br><br>      *Defendant*. | Case No.: 14-cv-6745 (AT) (AJP)<br><br>Hon. Analisa Torres<br>Hon. Andrew J. Peck<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL** |

Plaintiff David Wells ("Plaintiff" or "Wells"), by and through undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court and in accordance with this Court's order dated January 15, 2015, demand a trial by jury of all claims and issues so triable, and for his First Amended Complaint against Defendant John Wiley & Sons, Inc. hereby asserts and alleges as follows:

### NATURE OF THE ACTION AND RELIEF SOUGHT

1.       This is an action for copyright infringement and related claims brought against Defendant by Plaintiff, the owner of copyrights to numerous photographs that were published by Defendant in its textbooks and other publications, for unauthorized and infringing uses of Plaintiff's photographs.

1

## THE PARTIES

2. Plaintiff David Wells ("Wells") is a resident of the State of Rhode Island who resides at 11 South Angell St., #17, Providence, Rhode Island.

3. Defendant John Wiley & Sons Inc. ("Defendant" or "Wiley") is a New York corporation with its principle place of business at 111 River Street, Hoboken, New Jersey.

4. Plaintiff is a professional photographer who makes his living by creating and licensing photographs.

5. Defendant is a publishing company specializing in creating educational textbooks and other similar materials and publications.

6. Plaintiff is the holder of copyrights to numerous photographs that Defendant published in various publications.

## JURISDICTION AND VENUE

7. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (b) because Defendant conducts substantial business within the State of New York, infringed Plaintiff's copyrights within the State of New York, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the State of New York; and under 28 U.S.C. § 1400(a) since the alleged misconduct by Defendant occurred in this District and/or because Defendant may be found in this District.

9. This Court has personal jurisdiction over Defendant because it conducts substantial business in the State of New York; infringed Plaintiff's copyrights in the State of New York as described herein; purposely targeted its activities to and systematically transacted, conducted, and solicited business in this District; and Wiley has consented to this Court's jurisdiction over it in identical actions by other copyright owners.

## FACTUAL ALLEGATIONS

### *Wiley's Pattern of Copyright Infringement*

10. Defendant Wiley has a deplorable history of infringing the copyrights of third-party photographers.

11. Numerous photographers and stock photography agencies have brought actions under the Copyright Act against Wiley alleging the same types of copyright infringements alleged by Plaintiff herein.

12. Wiley has engaged in a systematic pattern of copyright infringement.

13. Wiley's copyright abuses include, among other things: (i) using third-party photographic works in its publications without permission; (ii) exceeding the limitations of licenses pertaining to third-party photographs, including by exceeding the print run limits of its license and making unpermissioned uses of photos, such as publishing photos in ancillary publications or foreign editions without permission; and (iii) maintaining high-resolution copies of third-party photos and then republishing those works in subsequent editions or even different titles without first obtaining proper licenses prior to publication.

14. Wiley has been found liable for these types of copyright infringements and/or settled nearly identical claims to those alleged herein in multiple cases brought against Wiley.

**GENERAL ALLEGATIONS**

15. Plaintiff owns the copyrights in and to hundreds of images that have been licensed to Wiley for limited and specific uses.

16. Plaintiff did not transfer his copyrights or any ownership interests in his images to Wiley.

17. Plaintiff's images were never licensed to Defendant on a "Royalty Free" basis. On the contrary, in those cases where Defendant obtained a license to use his photos, Plaintiff's images were licensed according to the "Rights Managed" licensing model, which means each license that was granted to Defendant allowed only limited usage rights and the license fee was calculated based on the limited usage rights being granted. Consequently, if Defendant intended to make any additional uses of Plaintiff's photos beyond the specific terms of the initial license issued to Wiley, then it was required to obtain prior permission and pay agreed upon license fees.

18. Where Defendant obtained a license to use Plaintiff's photos from a third-party licensing agent, Plaintiff retained all copyrights in his works and also received a portion of the license fees paid by Defendant to his agents.

19. Plaintiff thus is the direct and intended beneficiary of any licensing agreements between Defendant and his agents.

20. Plaintiff also issued licenses directly to Defendant.

21. In each case where Plaintiff issued a license directly to Defendant, each license permitted only limited uses and the license fees charged to Wiley were calculated based on the scope of usage rights being purchased.

22. In all cases, the licenses granted to Defendant permitted use of Plaintiff's photos only in a specified edition of a specific textbook. The licenses granted to Defendant did not permit reuse in subsequent editions or different books without additional rights being purchased.

23. Plaintiff is the intended and direct beneficiary of any licenses relating to his photos that the Stock Photo Agency granted to Defendant.

24. As the sole copyright owner in the photos published by Defendant, Plaintiff is entitled to assert claims against Defendant relating to any infringing use of his photos, regardless of whether Defendant acquired the relevant photos from a Stock Photo Agency or Plaintiff directly.

25. Licenses issued by the Stock Photo Agency included express audit or certification provisions that obligate Wiley to disclose information regarding use of any licensed content.

*Wiley's Copyright Infringements*

26. Wiley infringed Plaintiff's copyrights by exploiting his photographs in various publications without permission and/or in excess of any licenses that it may have obtained.

27. Upon information and belief, Wiley infringed Plaintiff's copyrights in the photographs identified in Exhibit 1 in various ways, including:

- Publishing Plaintiff's works without permission;
- Reusing Plaintiff's works in subsequent editions of titles without obtaining a valid license prior to publication;
- Publishing Plaintiff's works prior to obtaining a valid license;
- Exceeding the limitations of licenses by printing more copies of the publications than was authorized;
- Exceeding the limitations of licenses by publishing Plaintiff's works in electronic, ancillary, or derivative publications without permission;
- Exceeding the limitations of licenses by publishing Plaintiff's works in foreign editions of publications without permission;
- Exceeding the limitations of licenses by distributing publications outside the authorized distribution area; and/or

28. A reasonable opportunity for further investigation and discovery will confirm that Defendant also has infringed other copyrighted works created and owned by Plaintiff.

29. After being sued repeatedly for copyright infringement, Wiley conducted audits to determine the scope of its license violations and copyright infringements.

30. Despite its actual knowledge of infringements, Wiley did not contact Plaintiff to provide them with usage information and did not disclose license violations uncovered by these audits.

31. In dealing with licensing agents, Wiley routinely withheld critical information, including actual publication dates and print runs, to conceal evidence of its infringements and in order to obtain cleanup licenses at cheaper rates.

## COUNT I
## COPYRIGHT INFRINGEMENT

32. Plaintiff repeats and re-allege each allegation set forth in all paragraphs above as if set forth fully herein.

33. Plaintiff is the owner of all copyrights in and to the photos identified in Exhibit 1.

34. Plaintiff asserts copyright infringement claims against Wiley related to the photos identified in Exhibit 1.

35. Plaintiff registered his copyrights with the U.S. Copyright Office.

36. Exhibit 1 sets forth the photos licensed to Wiley and identifies the dates of the licensing or the report of the licensing to Plaintiff.

37. The license violations, unlicensed use, and other misconduct alleged herein occurred on or about or in close proximity to the dates identified in Exhibit 1.

38. With respect to each transaction identified in Exhibit 1, Wiley's violations of restrictions set forth in the license followed shortly after the dates identified in Exhibit 1.

39. Upon information and belief, on or about the invoice dates identified in Exhibit 1, Wiley exceeded any limited authority it may have had to use Plaintiff's photographs in the publications identified herein by printing and distributing more copies of those publications than it was permitted to create under any applicable license.

40. Upon information and belief, on or about the invoice dates identified in Exhibit 1, Wiley also violated Plaintiff's copyrights by distributing publications in regions or territories not permitted under its licenses; publishing Plaintiff's photos in component or ancillary publications not permitted under the licenses; and making unlicensed uses of the photos.

41. As alleged herein, Wiley used, published, distributed, and/or exploited Plaintiff's creative works in excess of and outside the limited scope of its limited licenses.

42. Defendant exceeded any limited authority it may have had to use Plaintiff's photographs in the publications identified herein by printing and distributing more copies of those publications than it was permitted to create under any applicable license.

43. Defendant also violated Plaintiff's copyrights by distributing publications in regions or territories not permitted under its licenses.

44. Defendant also violated Plaintiff's copyrights by publishing Plaintiff's photos in component or ancillary publications not permitted under the licenses.

45. Defendant also violated Plaintiff's copyrights by making unlicensed uses of the photos, including by republishing them in subsequent editions or different books that were not covered by its licenses.

46. Defendant's use of Plaintiff's photographs in excess of the applicable license limitations infringes Plaintiff's copyrights.

47. By exceeding the terms and restrictions of its limited licenses, Defendant misappropriated Plaintiff's intellectual property for its own profit, causing Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

48. Defendant's unauthorized use of Plaintiff's copyrighted images was willful.

49. Defendant's efforts to conceal or ratify its unauthorized use of Plaintiff's creative works demonstrate that it was fully aware that its use was unauthorized and infringing and that its misconduct was intentional, willful, reckless, and/or malicious.

50. Defendant's refusal to disclose the full scope of its use of the photographs at issue in this suit is itself a violation of Plaintiff's exclusive rights as the copyright owners of those photographs.

51. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendant's profits attributable to the infringing use of Plaintiff's creative works, and the damages suffered as a result of the lack of compensation, credit, and attribution.  Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A preliminary and permanent injunction against Defendant precluding Defendant from copying, displaying, distributing, advertising, promoting, and/or selling the infringing publications identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photographs and all copies of the infringing materials described in this complaint, that are in the control or possession or custody of Defendant;

2. All allowable damages under the Copyright Act, including but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue, Defendant's lack of attribution, and Defendant's profits attributable to infringement;

3. Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

4. Any other relief authorized by law, including punitive and/or exemplary damages; and

5. A declaration of his rights as owner of copyrights to photographs published by Wiley to know the full and complete scope of Wiley's use of his creative works;

6. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated January 20, 2015
New York, New York.

                                       Respectfully submitted,

                                       NELSON & McCULLOCH LLP

By: _____
Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178
dnelson@nelsonmcculloch.com
kmcculloch@nelsonmcculloch.com

*Attorneys for Plaintiff*

9