**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

DAVID WELLS,  :  No: 1:14-cv-06745 (AT) (AJP)

          Plaintiff,  :  Hon. Analisa Torres

                         :  Hon. Andrew J. Peck

        -against-  :

                         :  ECF Case

JOHN WILEY & SONS, INC.,  :

          Defendant.  :  **ANSWER TO FIRST AMENDED**
                         :  **COMPLAINT**
                         :
                         :
                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

Defendant John Wiley & Sons, Inc. ("Wiley"), as its Answer to the First Amended Complaint filed by Plaintiff on January 20, 2015 (Doc. No. 32) (the "Amended Complaint") answers and alleges as follows:

**STATEMENT OF ACTION**

1.      In response to the allegations in Paragraph 1, Wiley admits that this purports to be an action for copyright infringement, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**PARTIES**

2.      Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.      Wiley admits the allegations in Paragraph 3.

4.      Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.      In response to Paragraph 5, Wiley admits that it is engaged in the business of publishing.

6.      Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

## JURISDICTION AND VENUE

7.      Wiley admits the allegations in Paragraph 7.

8.      In response to the allegations in Paragraph 8, Wiley admits that it conducts business in the State of New York, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

9.      In response to the allegations in Paragraph 9, Wiley admits that it conducts business in the State of New York, but denies that it has been involved in identical actions, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## FACTUAL ALLEGATIONS

10.      Wiley denies the allegations in Paragraph 10.

11.      Wiley admits that it has been involved in copyright litigation, including multiple cases brought by the very same contingent-fee attorneys representing the Plaintiff in this action, and directs the Court to the public records of these proceedings.  Wiley denies the remaining allegations in Paragraph 11.

12.      Wiley denies the allegations in Paragraph 12.

13.      Wiley denies the allegations in Paragraph 13.

14.      Wiley admits that it has been involved in copyright litigation, including multiple cases brought by the very same contingent-fee attorneys representing the Plaintiff in this action,

and directs the Court to the public records of these proceedings.  Wiley denies the remaining allegations in Paragraph 14.

15.     Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     Wiley admits that it obtained licenses to use Plaintiff's photos and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

18.     Wiley admits that it obtained licenses to use Plaintiff's photos from third-party licensing agents, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18.

19.     Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.     Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     Wiley admits that licenses it obtained permitted use of Plaintiff's photos, and respectfully refers to those licenses for the terms thereof.

23.     Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     Wiley states that Paragraph 24 consists of a legal conclusion, to which no response is necessary.  To the extent a response is necessary, Wiley denies the allegations in Paragraph 24.

25.     Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     Wiley denies the allegations in Paragraph 26.

27.     Wiley denies the allegations in Paragraph 27.

28.     Wiley denies the allegations in Paragraph 28.  Plaintiff stipulated in a letter by his counsel dated October 15, 2014 that his pleading asserted claims for infringement only of the copyrights in the photographs specifically identified in the pleadings.

29.     Wiley admits that it has been sued for copyright infringement and its attorneys investigated facts related to such claims, and Wiley denies the remaining allegations in Paragraph 29.

30.     Wiley denies the allegations in Paragraph 30

31.     Wiley denies the allegations in Paragraph 31.

## COUNT I

### COPYRIGHT INFRINGEMENT

32.     With respect to Paragraph 32, Wiley repeats and realleges its responses to each and every allegation contained the paragraphs set forth above.

33.     Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     To the extent that the allegations in Paragraph 34 refer to Exhibit 1 to the Amended Complaint, Wiley refers to that document for its contents.  Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     To the extent that the allegations in Paragraph 36 refer to Exhibit 1 to the Amended Complaint, Wiley refers to that document for its contents.  Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     To the extent that the allegations in Paragraph 37 refer to Exhibit 1 to the Amended Complaint, Wiley refers to that document for its contents.  Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.     To the extent that the allegations in Paragraph 37 refer to Exhibit 1 to the Amended Complaint, Wiley refers to that document for its contents.  Wiley denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.     Wiley denies the allegations in Paragraph 39.

40.     Wiley denies the allegations in Paragraph 40.

41.     Wiley denies the allegations in Paragraph 41.

42.     Wiley denies the allegations in Paragraph 42.

43.     Wiley denies the allegations in Paragraph 43

44.     Wiley denies the allegations in Paragraph 44.

45.     Wiley denies the allegations in Paragraph 45.

46.     Wiley denies the allegations in Paragraph 46.

47.     Wiley denies the allegations in Paragraph 47

48.     Wiley denies the allegations in Paragraph 48.

49.     Wiley denies the allegations in Paragraph 49.

50.     Wiley denies the allegations in Paragraph 50.  Plaintiff previously stipulated, through a letter from his counsel dated October 15, 2014, that he was not pursuing a claim under the Declaratory Judgment Act for a right to audit Wiley and he withdrew this paragraph from his original Complaint.

51.     Wiley states that Paragraph 51 consists of a legal conclusion, to which no response is necessary.  To the extent a response is necessary, Wiley denies the allegations in Paragraph 51.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Amended Complaint.  Wiley denies all allegations, declarations, claims or assertions in the Amended Complaint that are not specifically admitted in this Answer.

## DEFENSES

By alleging the separate and additional defenses set forth below, Wiley is not in any way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

1.      The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.      Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Plaintiff has an adequate remedy at law.

3.      Money damages are adequate to compensate Plaintiff for any damage he has suffered if he ultimately prevails.

4.       The alleged infringement here is also years old, so any injury is not imminent.

**THIRD AFFIRMATIVE DEFENSE**

5.      On information and belief, Plaintiff's claims are barred in whole or in part to the extent any copyright registrations asserted by Plaintiff as covering the photos in suit are invalid and/or unenforceable.

6.      Among other things, the Amended Complaint does not identify copyright registrations for any of the photographs listed in Exhibit 1 of the Amended Complaint

7.      To the extent Plaintiff intends to rely on copyright registrations that do not on their face specifically identify the photographs at issue, upon information and belief, he will be unable to demonstrate that the photographs at issue here are actually covered by those registrations. For example, Plaintiff's counsel has indicated that Plaintiff intends to claim that his Corbis images are covered by one of three registrations, but he does not identify which of the three applies.

**FOURTH AFFIRMATIVE DEFENSE**

8.      Plaintiff's claims are barred, in whole or in part, by the applicable three year statute of limitations for a claim of copyright infringement.  17 U.S.C. § 507(b).

9.      The infringements alleged by Plaintiff occurred more than three years prior to the initiation of this case.

10.     Because Plaintiff filed suit on August 20, 2014, the statute of limitations bars any claims accruing before August 20, 2011.

11.     Among other things, the only dates identified in Plaintiff's Amended Complaint are the dates various photographs at issue in this action were invoiced—2005 and 2006.  Upon information and belief, Plaintiff knew of, or should have discovered, the alleged unauthorized use of his photographs on or around these dates—but in any event before August 20, 2011.

## FIFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims for copyright infringement are barred by the defense of license and/or implied license based on the parties' course of dealing.

13.     Prior to its use of the photographs identified in Exhibit 1 to the Amended Complaint, Wiley requested permission to use the photographs from Plaintiff or his agents. Plaintiff or his agents routinely granted such permission.

14.     Upon information and belief, some or all of the uses of Plaintiff's photographs made by Wiley did not exceed the scope of any express or implied license granted by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

15.     To the extent that Plaintiff's claims relate to Wiley's inclusion of a photograph in a later edition or revised version of a work for which Wiley previously licensed, such reuse is non-infringing pursuant to the revision privilege contained in Section 201(c) of the Copyright Act.

16.     Plaintiff claims that Wiley infringed some of his copyrights, by, *inter alia*, republishing his photographs in a subsequent edition of a book.  For example, Wiley was licensed to include a copy of the photo identified in Exhibit 1 to the Amended Complaint as "Mother of girl with Leukemia" in *Health Psychology: Biopsychosocial Interactions* in 2006.

Plaintiff alleges that Wiley included the photograph in four editions of the book. To the extent such later use was unlicensed, it falls within the Section 201(c) privilege.

**SEVENTH AFFIRMATIVE DEFENSE**

17.    To the extent that Plaintiff is entitled to any relief, which Wiley denies, Plaintiff is not entitled to statutory damages or attorney's fees because, upon information and belief, the copyright registrations asserted by Plaintiff as covering the photographs in suit are untimely.

18.    For example, Plaintiff alleges that Wiley's publication of the photograph identified as "Inner city student" in or around 2006 infringed Plaintiff's copyright in the photograph.

19.    The copyright registration which Plaintiff's counsel has indicated he will allege applies to this photograph, No. VA0001862594, was issued years later—in 2013. Upon information and belief, many of Plaintiff's remaining registrations are similarly untimely for the purposes of statutory damages and attorney's fees.

**EIGHTH AFFIRMATIVE DEFENSE**

20.    Plaintiff's claims for copyright infringement are barred by the doctrine holding that any claim for breach of a covenant in a non-exclusive copyright license sounds in contract and not in copyright.

**JURY DEMAND**

Wiley demands a trial by jury of all issues triable by jury.

WHEREFORE, Wiley respectfully requests that:

a.    Plaintiff's Amended Complaint (Doc. No. 32) be dismissed in its entirety;

b.    Wiley be awarded its costs, including reasonable attorneys' fees; and

c.    Such other relief as the Court deems just and proper.

DATED:  February 3, 2015                 By:      */s/ Robert Penchina*
                                                  Robert Penchina

                                                  Thomas Curley (*pro hac vice*)
                                                  Levine Sullivan Koch & Schulz, LLP
                                                  321 West 44th Street, Suite 1000
                                                  New York, NY  10036
                                                  (T): (212) 850-6100
                                                  (F): (212) 850-6299
                                                  rpenchina@lskslaw.com
                                                  tcurley@lskslaw.com

                                                  *Attorneys for Defendant John Wiley & Sons,
                                                  Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 3rd day of February 2015 caused a true and correct copy of the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** to be filed with the Court and served through the CM/ECF system, which generates an electronic notice of service by email delivery to all counsel of record.

*/s/ Robert Penchina*

Robert Penchina
